No. 3395

Second Circuit

———

THE McCASKEY REGISTER COMPANY v. WIMBERLY

———

(July 5, 1930. Opinion and Decree.)

———

Parsons & Colvin, of Mansfield, attorneys for plaintiff, appellee.

Craig, Bolin & Magee, of Mansfield, attorneys for defendant, appellant.

WEBB, J. Plaintiff, the McCaskey Register Company, brought this action against defendant, Guy Wimberly, to recover judgment for the amount of a promissory note, interest, and attorney's fees, given in payment of certain office equipment ordered by defendant from plaintiff as shown by the note and a written order annexed to and made part of the petition.

Defendant admitted signing the note and order, but alleged that it was understood and agreed at the time the order was signed and the note given that plaintiff would deliver and install the equipment in defendant's office, and that plaintiff would accept in part payment of the equipment a desk owned by defendant, and defendant appeals from a judgment rendered in favor of plaintiff for the amount of the note, interest, attorney's fees, and all costs of suit.

On trial defendant, over and subject to the objection of plaintiff that parol evidence was inadmissible to alter, change, or vary the written contract, was permitted to state that at the time the order and note were signed there was an agreement with plaintiff's representative that the equipment would be installed in defendant's office, and that a desk belonging to defendant would be taken at $50 as a credit on the note, and defendant stated that after the equipment was shipped and delivered and he had notice that the shipment was at the railway freight office subject to his orders, he had written to plaintiff with relation to the shipment, but that he did not have a copy of the letter, and, over the objection of plaintiff, defendant was permitted to state the contents of the letter, and also to file in evidence the letter which he stated was received by him in reply to his letter to plaintiff.

We gather from the argument of counsel for appellant that he was of opinion the court did not consider the evidence. The court did not render a written opinion, and we do not know whether the evidence was considered or not. We presume, however, that the court did not consider the parol evidence, as there was not any allegation of fraud or error, and the written order and contract was complete, and the parol testimony tended to show that there was a contemporaneous parol agreement in conflict with the written agreement, and parol evidence was not admissible, and the objection of plaintiff should have been sustained. Hafner Mfg. Co. vs. Lieber, 127 La. 348, 53 So. 646; Seitz vs. Brewer's Refrigerating Mach. Co., 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837.

We do not think, however, that the letter written by plaintiff to defendant was inadmissible, and, if the letter had shown that plaintiff acknowledged there had been a contemporaneous parol agreement made

at the time the written order was signed, in conflict with the written agreement and promise to pay, or if the letter written by plaintiff to defendant, considered with the letter said to have been written by defendant to plaintiff, had shown that such a contemporaneous agreement had been made, we do not think plaintiff could have enforced the written agreement. Defendant, however, did not rule plaintiff to produce the letter said to have been written by him to it; he merely stated that he had lost the copy of the letter, and was permitted, over the objection of plaintiff, to state the contents of the letter; his statement being, in substance, that he had written plaintiff that its representative had agreed to take a desk in part payment of, and to install the equipment, and that he requested plaintiff to send someone to install the equipment.

We are of the opinion that, in the absence of notice to produce the letter, parol evidence of its contents should not have been received (Merritt vs. Wright, 19 La. Ann. 91; Jones Evidence, vol. 2, sec. 218), and that plaintiff's objection should have been sustained; but, even though the evidence be considered as establishing the contents of the letter and construed with the letter to defendant by plaintiff, the evidence does not show that plaintiff acknowledged that there had been a contemporaneous agreement that a desk would be accepted in part payment of the note, or that the order was given or promise to pay made conditional on the equipment being installed in defendant's office.

The written agreement is clear and unambiguous, and defendant could not have misunderstood the obligation undertaken by him, or considered that plaintiff was under the written agreement obliged to receive the equipment from the carrier and place it in defendant's office, and accept a desk in part payment of the note given for the price of the equipment.

The judgment appealed from is therefore affirmed.